GOVERNMENT FINANCE OFFICERS ASSOCIATION, City of Atlanta, National League of Cities, and State of Georgia, Plaintiffs,

v.

James A. BAKER, III, in his official capacity as Secretary of the Treasury of the United States, Defendant.

No. 1:87–CV–1942–RHH.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 20, 1988.

Griffin B. Bell, James Dabney Miller, Steven S. Griffin, Charles H. Battle, Jr., Theodore M. Hester, King & Spalding, Atlanta, Ga., Charles F. Barnwell, Marva Jones Brooks Kendric Smith, Office of Atlanta City Atty., Michael J. Bowers, Herman Perry Michale, Office of State Atty. Gen., for plaintiffs.

Sharon Douglas Stokes, Office of U.S. Atty., Atlanta, Ga., John J. McCarthy, U.S. Dept. of Justice, Tax Div. Washington, D.C., for defendant.

## ORDER

ROBERT H. HALL, District Judge.

This action is currently before the court on: defendant's motion for reconsideration of a portion of this court's order dated February 3, 1988; plaintiffs' motion for leave to file a one-page comparison of defendant's positions; plaintiffs' motion for summary judgment; and plaintiff's motion for voluntary dismissal without prejudice. After the plaintiffs filed their motion for summary judgment and defendant filed his motion for reconsideration, the Supreme Court handed down its opinion in *South Carolina v. Baker*, — U.S. ——, 108 S.Ct. 1355, 99 L.Ed.2d 592 (1988). In *South Carolina* the Court held that the provision of the Tax Equity and Fiscal Responsibility Act of 1982 which removed the federal income tax exemption for interest earned on state and local government bonds unless those bonds are issued in registered, as opposed to bearer, form does not violate principles of federalism (the Tenth Amendment) or the doctrine of intergovernmental tax immunity.

In light of the *South Carolina* ruling, the plaintiffs moved to voluntarily dismiss the instant action. Plaintiffs conceded that their motion for summary judgment was rendered moot by the *South Carolina* opinion. Defendant refused to stipulate to the dismissal of the case. Defendant refused to stipulate to the dismissal of the case. Defendant seek to have the court reconsider its February 3, 1988 order prior to dismissing the action. 680 F.Supp. 1538. Defendant argues that, "in the interest of justice" the court should "correct" that portion of its February 3 1988 order in which it court concluded that it lacked jurisdiction to entertain plaintiffs' claim that the arbitrage rebate provision, § 103(c) of the IRC, is unconstitutional. The government contends that the court erred in stating that the arbitrage rebate scheme of the IRC "is a direct tax on state and local governments" and that the state and local governments could challenge the arbitrage

"tax" either by bringing a timely suit in tax court or paying the tax and suing for a refund in district court or the court of claims.

In stating in its February 3, 1988 order that the arbitrage provision of the IRC is a tax assessed directly against the state and local governments, this court was analyzing only the issue of the court's jurisdiction under an exception to the jurisdiction prohibition contained in the Anti–Injunction Act. The court's analysis mirrored exactly the argument made by defendant in his reply brief in support of his motion to dismiss for lack of subject matter jurisdiction. Neither defendant nor plaintiffs briefed this court on the merits of the question whether the arbitrage rebate provisions constitute a tax or an optional (or voluntary) scheme allowing payment to the federal government in exchange for tax exempt status. The argument defendant now raises in his motion for summary judgment, that the arbitrage rebate provision is not a tax, was not squarely before the court when it ruled on defendant's motion to dismiss.

Although generally under these circumstances the court would reconsider that portion of its order which was not addressed by the parties earlier, the court's entire February 3, 1988 order is superfluous in light of plaintiffs' desire to dismiss the action. In its February 3, 1988 order the court only ruled on the preliminary issues of plaintiffs' standing to bring the suit, the United States' immunity from suit and this court's jurisdiction to entertain the action. The court did not consider the merits of plaintiffs' complaint and, prior to ruling on the merits, the plaintiff conceded that its motion for summary judgment was rendered moot by the Supreme Court's opinion in *South Carolina*. The issue of whether the arbitrage rebate provision is a tax or a voluntary payment which defendant now wishes the court to reconsider was only tangentially considered by this court in reaching a decision on subject matter jurisdiction.

Because the court's jurisdictional ruling is dispensable in light of plaintiffs' desire to voluntarily dismiss the action, the court VACATES the entire February 3, 1988 order and GRANTS plaintiffs' motion to voluntarily dismiss the action. The court hereby DISMISSES the action WITHOUT PREJUDICE. The other pending motions are denied as moot.